## FEDERAL LAND BANK OF LOUISVILLE v McCLAIN

Ohio Appeals, 2nd Dist, Greene Co

No 414. Decided Nov 21, 1935

Morris D. Rice, Osborn, for plaintiff in error.

Harry D. Smith, Xenia, for defendant in error.

### OPINION

By HORNBECK, J.

Counsel for plaintiff in error in his brief very succinctly and correctly states the single issue presented to this court for determination:

"Where in an action to sell real estate in the Probate Court by an administrator to pay decedent's debts and the property is sold at public auction to a person other than the mortgagee, for a sum less than enough to pay the mortgage in full, can the administrator and his attorney claim their fee from the proceeds of the sale to the prejudice of the mortgagee?"

The Probate Court applied the provisions of §10510-46 GC to the distribution of the proceeds of the sale of the real estate. Insofar as pertinent the section provides that the money arising from the sale of real estate shall be applied as follows:

"1. To discharge the costs and expenses of the sale, including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale, and the commission of the executor or administrator thereon for his administration, or compensation of the guardian for his services as fixed by the court.

"2. To the payment of mortgage, * * * liens, etc."

The section quoted is a part of the new Probate Code, effective January 1, 1932, and if the fees fixed by the Probate Court are such as are in contemplation of the first part of the section heretofore quoted, then they are properly allowed to be paid prior to the mortgage claim.

We are favored by an extended brief of counsel for plaintiff in error, wherein it is contended that although the sale in the instant case was made to a purchaser other than the mortgagee, the share which the mortgagee should have received should not be diminished by the payment of administrator's fees and counsel fees.

The court's attention is directed to the relationship of the mortgagee and mortgagor and the state of the title as between them, and it is urged that all the title to the property being in the mortgagee subject only to the mortgagor's equity of redemption, it is inequitable and unjust to compel the mortgagee to sacrifice any part of his mortgage claim to the payment of fees which were occasioned by reason of the sale of the mortgaged real estate.

The opinion of Judge Gowdy on the appeal is before us and we are in accord with his determination and the reasons set forth in his opinion, and adopt it as a part of our decision.

We are cited to **State ex Fulton, Supt. of Banks et v Griffith, Admr., 127 Oh St 161,** where in a sale by an administrator to pay debts the court held that where a mortgagee purchased the property for less than the sum found due on his mortgage the Common Pleas Court is not authorized to tax as a part of the costs of sale either a commission for the fiduciary or a fee for his attorney; that where the real estate was bid in by the mortgagee there was no "money arising from the sale of real estate," as contemplated by §10510-46 GC. The court

made no effort to go further than to protect the mortgagee when it was a bidder to protect its lien under its mortgage.

The case nearest embodying the facts in the instant case is **Klimper v Klimper, Admrx., 12 Oh Ap 332,** wherein the court held, among other things, that charges of the administrator, including his allowance and his attorney's fees, had priority over a mortgage claim on the land sold when the proceedings to sell are in good faith and the mortgagee joins in the proceeding, and the property is purchased by other than the mortgagee. In the instant case the mortgagee did not expressly join in the prayer for the sale of the real estate, but its answer was much like the answer and cross petition in the Klimper case, supra. The Klimper case, in our judgment, clearly supports the action of the Probate Court in taxing the costs in the instant case.

We know that it is the practice, almost without exception, to make allowance for such fees as are under consideration here in administrators' judicial sales of real estate where another than the mortgagee bids in the property. This, of course, is not controlling as precedent, but is of some weight in construing the statute under consideration.

**Andrews, Assignee v Johns et, 59 Oh St 65** is helpful by analogy. There the court had under consideration the right of the assignee to require the mortgagee, who was the successful bidder on the property sold at public sale, to pay the purchase price into court and to have a percentage compensation allowed to him as assignee. The statute under consideration provided for an allowance to the assignee of compensation from "proceeds of real estate sold" on his application and by order of court. The court held at page 73 that:

"If no 'proceeds', within the fair construction of the statute, arise from the sale, then it would seem to follow, necessarily, that there can be no percentage commission. This form of compensation is analogous to that provided for administrators, and is, primarily, for the risk, responsibility and trouble involved in the collecting and disbursing of money. **Piatt v Longworth, 27 Oh St, 159.** If no money is collected and disbursed, then no percentage is earned."

If there were "no 'proceeds' of the real estate sold" in the Andrews, Assignee, case, by the same line of reasoning adopted by the court to support that conclusion there was "money arising from the sale of real

estate" in the instant case. Here the purchase money came into the hands of the administrator and he was put to the risk, responsibility and trouble involved in collecting and disbursing the money. It follows that he was entitled to compensation for himself and counsel under the statute.

The judgment of the Common Pleas Court will be affirmed.

BARNES, PJ, and BODEY, J, concur.